Below is an opinion of the court.

_____
TERESA H. PEARSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Que Phung Thi Nguyen,<br><br>Debtor. | Case No. 21-31597-thp7 |
| Donna Tran and Bruce Tran,<br><br>Plaintiffs,<br><br>v.<br><br>Que Phung Thi Nguyen,<br><br>Defendant. | Adv. Proc. No. 21-03049-thp<br><br>MEMORANDUM DECISION RE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT[1] |

This matter came before the court on Plaintiff's Motion for Summary Judgment.[2] The court has reviewed the declarations of Bruce Tran,[3] Kenton Hutcherson,[4] and Tony Kullen[5] filed

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.
[2] ECF No. 85, filed Oct. 31, 2024. Docket number references herein are to this case unless otherwise specified.
[3] ECF No. 86, filed Oct. 31, 2024.
[4] ECF No. 87, filed Oct. 31, 2024.
[5] ECF No. 89, filed Oct. 31, 2024.

Page 1 of 11 –    MEMORANDUM DECISION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

in support of the Motion, as well as the records and files of this case. For the reasons set forth below, this court will grant the motion for summary judgment on plaintiffs' claims under 11 U.S.C. §§ 727(a)(3) and 727(a)(5) and on the affirmative defense of unclean hands and the Rooker-Feldman Doctrine, and will grant the motion for summary judgment in part on the affirmative defense of issue preclusion as described below. The court will deny the motion for summary judgment on plaintiffs' claims for conversion, constructive trust, and civil extortion.

## Standard for Summary Judgment

The court shall grant summary judgment if the moving party shows there is no genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law.[6] All facts and inferences must be viewed in the light most favorable to the nonmoving party.[7]

Once the moving party shows the absence of an issue of material fact, the non-moving party must go beyond the pleadings and designate specific facts showing a genuine issue for trial.[8] The nonmoving party then bears the burden of persuasion to show there is a material factual dispute remaining for trial.[9] A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact,[10] and summary judgment may be granted.[11] "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"[12] In a case where the non-moving party does not respond to the motion for summary judgment, the court may consider the facts shown by the moving party to be undisputed for purposes of the motion and grant summary judgment if the movant is entitled to summary judgment.[13]

---

[6] Fed. R. Civ. P. 56(a), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).
[7] *Caneva v. Sun Cmtys. Operating L.P. (In re Caneva)*, 550 F.3d 755, 760 (9th Cir. 2008).
[8] *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553.
[9] *Caneva*, 550 F.3d at 761.
[10] *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989).
[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511 (1986).
[12] *Matsushita Elec. Indus. Co. v. Zenith Radio Co.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (citation omitted).
[13] Fed. R. Civ. P. 56(e)(2) and (3), made applicable by Fed. R. Bankr. P. 7056; *Heinemann v. Satterberg*, 731 F.3d 914, 916-17 (9th Cir. 2013).

**Procedural History**

Debtor filed her voluntary chapter 7 case on July 21, 2021.[14] A few months later, plaintiffs filed this adversary proceeding, asserting claims under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6) and objecting to debtor's discharge under 11 U.S.C. §727(a)(2), (a)(3), (a)(4), and (a)(5).[15] Plaintiffs' complaint incorporated by reference their state court complaint containing claims for intentional infliction of emotional distress, to set aside and return of all community property, and for civil extortion.[16] Debtor filed her answer to the adversary proceeding complaint denying most of plaintiffs' allegations, and asserting affirmative defenses of failure to state a claim upon which relief can be granted, issue preclusion, and the Rooker-Feldman Doctrine.[17]

Prepetition, the California state trial court decided on debtor's demurrer that plaintiffs had no claims under California law for intentional infliction of emotional distress because of California's anti-heart balm statute, Mr. Tran had no claim under California law for civil recovery for extortion, and Ms. Tran could proceed on her claim for wrongful transfer of community property without spousal consent.[18] Postpetition, this court allowed partial relief from stay so that the parties could continue their pursuit of an appeal in the California state courts regarding the legal viability plaintiffs' underlying state law claims.[19]

On November 28, 2023, the California Court of Appeal issued its decision holding that California law allows Mr. Tran to bring a claim for rescission of payments made based on civil extortion as a contract claim (but not as a tort claim), and that California law does not allow

---

[14] ECF No. 1, filed in case no. 21-31597-thp7 on July 21, 2021.
[15] ECF No. 1, filed Oct. 18, 2021.
[16] *Id.*
[17] ECF No. 8, filed Nov. 15, 2021.
[18] The California trial court's ruling is set forth in Exhibit 1 to plaintiffs' Motion for Order Granting Relief from Stay (and Establishing That No Stay Exists As to Co-Debtor) to Permit Liquidation of Pending State Court Claims, Stay of Adversary Proceedings Pending Outcome of Pending State Court Claims, Abstention from Ruling in Adversary Case Pending Outcome of Pending State Court Claims, and Setting Further Status Conference, ECF No. 14, filed Dec. 13, 2021.
[19] ECF No. 29, filed Jan. 25, 2022.

plaintiffs to bring claims for intentional infliction of emotional distress under the circumstances of this case.[20] On March 12, 2024, the California Supreme Court denied further review.[21]

On May 6, 2024, plaintiffs filed their first amended complaint in this case to address the decisions by the California courts.[22] This time, plaintiffs' amended complaint did not incorporate their state court complaint but instead included all their allegations in the amended complaint itself. Plaintiffs continued to assert claims under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6) and to object to debtor's discharge under 11 U.S.C. §727(a)(2), (a)(3), (a)(4), and (a)(5). Plaintiffs described their other claims as liquidation of civil claims for setting aside community property gifts and transfers, civil extortion, conversion, constructive trust, and receiving stolen or extorted property. Plaintiffs did not include claims for intentional infliction of emotional distress. Debtor did not file an answer to the first amended complaint.[23]

## Analysis

### A. Plaintiffs are Entitled to Summary Judgment Under 11 U.S.C. § 727(a)(3)

Section 727(a)(3) applies when a "debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information . . . from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."[24] The purpose of § 727(a)(3) is to make discharge dependent on the debtor's true presentation of his or her financial affairs, and complete disclosure is a condition precedent to the granting of the discharge.[25] Section 727(a)(3) imposes on the debtor an affirmative duty to create and keep books and records that accurately document business affairs.[26]

---

[20] *Tran v. Nguyen*, 97 Cal. App. 5th 523, 315 Cal. Rptr. 3d 607 (2023), *reh'g denied* (Dec. 19, 2023), *rev. denied* (Mar. 12, 2024).
[21] *Id.*
[22] ECF No. 82, filed May 6, 2024.
[23] *See* Docket, 21-03049-thp.
[24] 11 U.S.C. § 727(a)(3).
[25] *Caneva*, 550 F.3d at 761-62.
[26] *Id.* at 761 (citation omitted).

To prevail on their claim under Section 727(a)(3), plaintiffs must prove: "(1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions."[27] Notably, the court must make findings regarding the adequacy of a debtor's records. Such an inquiry looks to "the extent and nature of the debtor's transactions" and whether "others in like circumstances would ordinarily keep financial records."[28] "After showing inadequate or nonexistent records, 'the burden of proof then shifts to the debtor to justify the inadequacy or nonexistence of the records.'"[29]

Plaintiffs have shown that debtor failed to maintain and preserve adequate records. Debtor has asserted under oath that she engaged in numerous loan and repayment transactions with her family members.[30] Debtor's amended statement of financial affairs discloses total amounts debtor paid and total amounts debtor still owes to those family members—amounts involving many thousands of dollars.[31] These transactions are material in the context of this case. However, the amended statement of financial affairs does not disclose dates of payment or the amounts of each payment.[32] Defendant admitted under oath that she maintained detailed ledgers tracking her financial transactions, which she purportedly used to prepare her bankruptcy schedules.[33] She later could not produce those ledgers, asserting that she had already produced everything she had.[34] Debtor apparently had a Facebook Messenger account where she kept information about how much she owed her family members, but she admitted that she deleted her old Facebook account and does not have the records in her new Facebook account.[35]

---

[27] *Lansdowne v. Cox (In re Cox)*, 41 F.3d 1294, 1297 (9th Cir. 1994).
[28] *Id.* at 1297.
[29] *Caneva*, 550 F.3d at 761 (citation omitted).
[30] ECF No. 89, Exh. 2, p. 3 of 39 through p. 9 of 39, filed Nov. 1, 2024.
[31] ECF No. 89, Exh. 19, filed Nov. 1, 2024.
[32] *Id.*
[33] ECF No. 89, Exh. 1, p. 3 of 11; Exh. 2, p. 8 of 39 through p. 9 of 39, filed Nov. 1, 2024. Because debtor testified that she did create these records, it is reasonable to infer that others in like circumstances would also normally keep such records.
[34] ECF No. 89, Exh. 3, filed Nov. 1, 2024.
[35] ECF No. 89, Exh. 2, p. 26 of 39, Exh. 3, p. 2 of 2, filed Nov. 1, 2024.

Plaintiffs have also shown that debtor's failure to maintain records makes it impossible to ascertain the debtor's financial condition and material business transactions.  Plaintiffs have undertaken substantial discovery and have been unable to obtain reasonably sufficient information from debtor or other sources about these transactions.[36]

Debtor has done nothing to show a justification for the inadequacy of her records.  Accordingly, plaintiffs are entitled to summary judgment on their claim under Section 727(a)(3).

**B.  Plaintiffs are Entitled to Summary Judgment Under 11 U.S.C. § 727(a)(5)**

Section 727(a)(5) provides that the "court shall grant the debtor a discharge, unless … the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."[37]

To prevail on their claim under Section 727(a)(3), plaintiffs must prove:

> (1) debtor at one time, not too remote from the bankruptcy petition date, owned identifiable assets; (2) on the date the bankruptcy petition was filed or order of relief granted, the debtor no longer owned the assets; and (3) the bankruptcy pleadings or statement of affairs do not reflect an adequate explanation for the disposition of the assets.[38]

"Once the creditor has made a prima facie case, the debtor must offer credible evidence regarding the disposition of the missing assets."[39]

Plaintiffs have shown that debtor owned identifiable assets within several months before filing bankruptcy.  Plaintiffs have provided bank statements showing that debtor received numerous electronic deposits involving many thousands of dollars in late March and early April 2021,[40] several months before she filed bankruptcy in July 2021.

---

[36] Plaintiffs aptly describe these efforts as a "Wild Goose Chase."  Memorandum in Support of Plaintiffs' Motion for Summary Judgment, ECF No. 85, pp. 9-11, filed Oct. 31, 2024, and record citations therein.
[37] 11 U.S.C. § 727(a)(5).
[38] *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1205 (9th Cir. 2010) (quoting *Olympic Coast Inv., Inc. v. Wright (In re Wright)*, 364 B.R. 51, 79 (Bankr. D. Mont. 2007)).
[39] *Retz*, 606 F.3d at 1205 (citing *Devers v. Bank of Sheridan, Mont. (In re Devers)*, 759 F.2d 751, 754 (9th Cir. 1985)).
[40] ECF No. 89, Exh. 20, filed Nov. 1, 2024.

Plaintiffs have also shown that on the petition date, the debtor no longer owned these assets. The bank statements show that a large amount of those funds was withdrawn by debtor prior to bankruptcy.[41] For one of the accounts (ending in -1568), the bank statements show the balance was $569.60 on July 8, 2021, which was less than two weeks before debtor filed her bankruptcy case.[42] For the other account (ending in -0353), the bank statements show that debtor withdrew $500 on the day before filing bankruptcy, leaving a balance of $700.40 on the petition date.[43]

Plaintiffs have further shown that neither debtor's bankruptcy pleadings nor debtor's statement of affairs reflect an adequate explanation for the disposition of these assets. The statement of financial affairs, as amended, shows payments made to various non-insider and insider creditors.[44] The payments to non-insider creditors show dates of payment by monthly time frame and amounts.[45] The bank statements show electronic payments directly from debtor's bank account to several of those creditors (Comenity Bank, Credit One Bank, and TJX Companies) during the 90 days before debtor filed bankruptcy.[46] Thus, it appears the debtor did not use the funds she withdrew to make most or all of these non-insider payments. The court has no information as to how the other non-insider creditors were paid, or how much those creditors were paid prior to debtor's withdrawals. The amended statement of financial affairs does not include any dates of payment to the insider creditors at all, making it impossible to tell if those payments were made before or after March 2021.[47] The statement of financial affairs does not otherwise explain the use of the cash debtor withdrew during and after late March 2021.[48]

Debtor has not offered evidence regarding disposition of these funds. Neither the plaintiffs nor the court are required to scour the record to try to find documents to determine

---

[41] *Id.*
[42] *Id.*
[43] *Id.*
[44] ECF No. 89, Exh. 19, filed Nov. 1, 2024.
[45] *Id.* Some of these time frames predate the 90 days before bankruptcy, making it difficult to discern what was actually paid during the 90 days before bankruptcy.
[46] ECF No. 89, Exh. 20, filed Nov. 1, 2024.
[47] *Id.*
[48] *Id.*

Page 7 of 11 –   MEMORANDUM DECISION RE PLAINTIFF'S MOTION FOR SUMMARY
                 JUDGMENT

what happened to debtor's assets.[49] Accordingly, plaintiffs are entitled to summary judgment on their claim under Section 727(a)(5).

   C. **Plaintiffs are Entitled to Summary Judgment on Any Affirmative Defense of unclean hands.**

Plaintiffs seek summary judgment on the affirmative defense of unclean hands because debtor's counsel informed them of her intent to assert unclean hands in this case.[50] The applicable rules of civil procedure require that if a party wishes to assert an affirmative defense, the party must plead that affirmative defense.[51] Such affirmative defense must be pled in a way to provide fair notice to plaintiff of the grounds upon which it rests.[52] In her answer, debtor did not plead an affirmative defense of unclean hands.[53] The court has reviewed debtor's answer, and that answer does not provide fair notice of debtor's intent to assert unclean hands against plaintiffs' claims—indeed, the answer does not mention unclean hands at all. Plaintiffs are entitled to summary judgment on the affirmative defense of unclean hands because debtor has not effectively asserted unclean hands as an affirmative defense.

   D. **Plaintiffs are Entitled to Partial Summary Judgment on the Affirmative Defense of Issue Preclusion and Summary Judgment on the Affirmative Defense Based on the Rooker-Feldman Doctrine.**

Plaintiffs assert that summary judgment is appropriate against debtor's affirmative defenses of issue preclusion and the Rooker-Feldman Doctrine, based on the California Court of Appeal's decision on debtor's demurrer to plaintiffs' claims.

The Ninth Circuit Bankruptcy Appellate Panel has succinctly summarized the applicable law regarding issue preclusion:

---

[49] "A petitioner cannot omit items from his schedules, force the trustee and the creditors, at their peril, to guess that he has done so—and hold them to a mythical requirement that they search through a paperwork jungle in the hope of finding an overlooked needle in a documentary haystack." *Retz*, 606 F.3d at 1206 (quoting *Tully v. Tully (In re Tully)*, 818 F.2d 106, 111 (1st Cir. 1987)).
[50] Memorandum in Support of Plaintiff's Motion for Summary Judgment, ECF No. 85, p. 13, filed Oct. 31, 2024.
[51] Fed. R. Civ. P. 8(c)(1), made applicable by Fed. R. Bankr. P. 7008.
[52] *Kohler v. Staples the Off. Superstore, LLC*, 291 F.R.D. 464, 468 (S.D. Cal. 2013).
[53] Answer, ECF No. 8, filed Nov. 15, 2021.

Page 8 of 11 –   MEMORANDUM DECISION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

> A bankruptcy court may rely on the issue preclusive effect of an existing state court judgment as the basis for granting summary judgment. In so doing, the bankruptcy court must apply the forum state's law of issue preclusion. Thus, we apply California preclusion law.
>
> In California, application of issue preclusion requires that: (1) the issue sought to be precluded from relitigation is identical to that decided in a former proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; (4) the decision in the former proceeding is final and on the merits; and (5) the party against whom preclusion is sought was the same as, or in privity with, the party to the former proceeding. California further places an additional limitation on issue preclusion: courts may give preclusive effect to a judgment 'only if application of preclusion furthers the public policies underlying the doctrine.'[54]

The Rooker-Feldman doctrine precludes parties who lose in state court from seeking appellate relief from a federal court.[55]

In this case, the only final decision on the merits from the California state courts between these parties is the decision of the California Court of Appeal. That decision became final after the California Supreme Court denied review.[56] The California Court of Appeal court held that Mr. Tran may bring a claim for recovery of the funds paid to debtor based on civil extortion as a contract claim (but not as a tort claim) and that California law does not allow plaintiffs to bring claims for intentional infliction of emotional distress.[57] This was a loss for the plaintiffs to the extent that this decision precludes them from bringing tort claims based on civil extortion and claims for intentional infliction of emotional distress.

With respect to issue preclusion, the plaintiffs are entitled to summary judgment that the affirmative defense of issue preclusion does not bar them from pursuing civil extortion claims for recovery of funds paid as contract claims. That is the same issue that the California Court of

---

[54] *Plyam v. Precision Dev., LLC (In re Plyam)*, 530 B.R. 456, 462 (9th Cir. BAP 2015) (cleaned up; internal citations omitted).
[55] *Cogan v. Trabucco*, 114 F.4th 1054, 1057 (9th Cir. 2024).
[56] *Tran v. Nguyen*, 97 Cal. App. 5th 523, 315 Cal. Rptr. 3d 607 (2023), *reh'g denied* (Dec. 19, 2023), *rev. denied* (Mar. 12, 2024).

[57] *See id.*

Page 9 of 11 – MEMORANDUM DECISION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Appeal already necessarily decided in litigation between plaintiffs and debtor. It is consistent with public policy for this court to defer to the California appellate courts on the viability of claims asserted under California state law. However, to the extent that plaintiffs assert their civil extortion, conversion, and constructive trust claims as tort claims, the plaintiffs are not entitled to summary judgment on this affirmative defense.

With respect to the Rooker-Feldman Doctrine, the plaintiffs have not asked this court for relief with respect to California Court of Appeal's ruling and have deleted their claims for intentional infliction of emotional distress in their first amended complaint. This court will follow the ruling of the California Court of Appeal regarding California law. Plaintiffs are entitled to summary judgment on the debtor's affirmative defense based on the Rooker-Feldman Doctrine.

### E. Plaintiffs are Not Entitled to Summary Judgment on Their Claims for Conversion, Constructive Trust, and Civil Extortion.

Plaintiffs assert that they are entitled to summary judgment on their claims for conversion, constructive trust, and civil extortion because they raised those claims in their first amended complaint and debtor did not file an answer denying those claims.[58] However, the Ninth Circuit Court of Appeals has held that a defendant does not need to file an answer to an amended complaint if the amended complaint does not change the theory or scope of the case.[59]

While the amended complaint may have put new legal names on the claims, these claims plead essentially the same facts alleged in the original complaint: that the debtor allegedly obtained money from Mr. Tran by making extortionate threats to expose his affair and child to Ms. Tran. The debtor's answer to the original complaint denied most of its substantive factual allegations.[60] Under these circumstances, summary judgment based merely on debtor's lack of response to the first amended complaint is not appropriate.

---

[58] Memorandum in Support of Plaintiffs' Motion for Summary Judgment, ECF No. 85, p. 20, filed Oct. 31, 2024.
[59] *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 715 (9th Cir. 2020).
[60] Answer, ECF No. 8, filed Nov. 15, 2021.

Page 10 of 11 – MEMORANDUM DECISION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Reviewing the facts of this case in the light most favorable to debtor, the non-moving party, the court cannot grant summary judgment on these claims. There are questions of fact regarding reasons why Mr. Tran made payments to debtor, and the specific nature and amount of those payments. Mr. Tran asserts in his declaration that "[m]any of these extorted payments and transfers were qualitatively not for 'child support.'"[61] The clear implication of that statement is that some of the payments were for child support. Plaintiffs also submit transcripts of deposition testimony from debtor where she asserts several times that the payments she received from Mr. Tran were for child support.[62] Plaintiffs have not provided any law explaining how child support payments could constitute inappropriately extorted funds under California law, how payment of child support constitutes conversion under California state law, or why it would be equitable for this court to impose a constructive trust over funds Mr. Tran paid for child support. Therefore, summary judgment is not appropriate on plaintiffs claims for conversion, constructive trust, or civil extortion.

## Conclusion

The court will enter an order on summary judgment as set forth above. The parties should be prepared to proceed to trial on the remaining claims and defenses in this case.

# # #

---

[61] Declaration of Bruce Tran in Support of Plaintiffs' Motion for Summary Judgment, ECF No. 86, p. 3, filed Oct. 31, 2024.
[62] ECF No. 89, Exh. 1, p. 1 of 11, p. 7 of 11; Exh. 2, p. 15 of 39, p. 16 of 39, p. 24 of 39, filed Nov. 1, 2024.